This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NICOLE ANN COYNE**,

Petitioner-Appellee,

v.                                                     NO.   30,889

**DAVID BRENT OLSON**,

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Richmond L. Neely
Albuquerque, NM

for Appellee

David Brent Olson
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Respondent appeals from the district court order terminating reintegration

therapy and transferring the matter to the children's court for resolution of a pending

adoption proceeding brought by the children's step-father. On December 27, 2011, this Court issued a second calendar notice proposing to affirm. This Court granted Respondent's multiple requests for extensions, providing Respondent until April 16, 2012, to respond. Respondent has filed his memorandum in opposition to this Court's second notice of proposed disposition. Having given due consideration to Respondent's memorandum, this Court concludes that Respondent has failed to demonstrate reversible error by the district court and that the issue presented by Respondent's appeal is moot. Accordingly, we affirm.

Before turning to the district court's order terminating reintegration therapy, we address Respondent's request to exercise a "peremptory challenge" to prevent a member of this Court from deciding this matter. We note that no such means of challenging a judge exists within our rules of appellate procedure. Moreover, to the extent Respondent argues that the proposed decisions and rulings of this Court reflect bias, unfavorable rulings are insufficient to demonstrate the existence of bias. *Cf. State v. Case,* 100 N.M. 714, 717, 676 P.2d 241, 244 (1984) (stating personal bias cannot be inferred from an adverse ruling); *State ex rel. Bardacke v. Welsh,* 102 N.M. 592, 606, 698 P.2d 462, 476 (Ct. App. 1985) (holding that a judge need not recuse when the movant cannot demonstrate that the judge is personally embroiled in the case and when the movant raises no legitimate reasons for disqualification).

Additionally, to the extent Respondent is arguing that a decision in this case is premature because he was unable to review the audio recording of the October 7, 2010 hearing requested by this Court, we disagree. The software needed to listen to the audio recording is available at http://www.fifthdistrictcourt.com (FTR-Record Player Software). Respondent was provided ample time to resolve any issues relating to his ability to review the record. Moreover, this Court has reviewed the transcript and has concluded that it does not contain information that would cause us to conclude that reversal is appropriate.

Turning to the district court's decision to terminate reintegration therapy, this Court issued a second notice of proposed disposition noting that the district court judge had dismissed this custody matter in response to Respondent's arguments that he could not afford to pay for reintegration therapy and because there was a pending adoption proceeding where the termination of Respondent's parental rights was at issue. [2d CN 3] The district court reasoned that allowing the parties' dispute to proceed in children's court would permit Respondent to take advantage of the resources and assistance available in termination and adoption proceedings. *See, e.g.,* NMSA 1978, § 32A-5-16(E) (2009) (providing a parent opposing termination or adoption with the right to counsel). [2d CN 3] This Court proposed to conclude that Respondent had not demonstrated how this constituted reversible error.

Moreover, this Court noted that termination of Respondent's parental rights would make the district court's determination in this case irrelevant. [2d CN 3-4] Therefore, the issue regarding whether the district court erred in terminating reintegration therapy would be moot. *See State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764 (holding that an appeal is moot "when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief"). We note that Respondent's rights were terminated by the district court in a subsequent proceeding. *In the Matter of the Adoption Petition of Kurt Odin Elich*, SA 2009-111. That matter is currently on appeal to this Court, has been assigned to the general calendar, and Respondent has been provided counsel to assist him in his appeal. If Respondent is successful in his appeal of the termination, then the district court can revisit issues of custody and visitation as part of its continuing and ongoing jurisdiction over child custody cases. However, under the present circumstances, there is no relief that this Court can provide Respondent in this case. Respondent has not responded to this Court's previous proposal that the custody determination would be irrelevant in light of termination. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Therefore, for the reasons stated above and in this

Court's second notice of proposed disposition, we hereby affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**LINDA M. VANZI, Judge**